1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLTON DWAYNE FIELDS,                    No.   1:18-cv-01545-DAD-JDP (HC)

12              Petitioner,                    ORDER DENYING PETITIONER'S MOTION
                                               FOR COUNSEL, DENYING PETITIONER'S
13         v.                                  MOTION FOR DEFAULT JUDGMENT, AND
                                               GRANTING RESPONDENT'S REQUEST TO
14   CALIFORNIA DEPARTMENT OF                  WITHDRAW MOTION TO DISMISS
     CORRECTIONS,
15                                             ECF Nos. 2, 16, 17, 25
              Respondent.
16

17         Petitioner Carlton Dwayne Fields, a state prisoner without counsel, seeks a writ of habeas

18   corpus under 28 U.S.C. § 2254.  ECF No. 1.  This order addresses three matters: (1) petitioner's

19   motion for counsel; (2) petitioner's motion for default judgment; and (3) respondent's request to

20   withdraw its motion to dismiss.  For simplicity's sake, we discuss the three matters out of order.

21   **I.     Respondent's Motion to Dismiss**

22         Earlier in the case, respondent moved to dismiss, arguing that the petition is untimely.

23   ECF No. 17.  Petitioner objected, claiming equitable tolling.  *See generally* ECF No. 19.

24   Petitioner alleged that his mental health issues resulted in his segregated confinement and

25   placement at a psychiatric service unit.  *See id.*  Citing no evidence, he stated that his conditions

26   of confinement restricted his access to legal materials and precluded him from timely pursuit of

27   federal habeas relief.  *See id*. at 10.  Respondent now moves to withdraw his motion to dismiss,

28   stating that this court's decision on the merits would result in a more expeditious adjudication of

                                                    1

this case. *See* ECF No. 25 at 2. This court may decide the petition's merits before any procedural issue. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same."); *McCoy v. Soto*, No. 15-cv-1578, 2017 WL 2644837, at *3 (E.D. Cal. June 20, 2017) (denying motion to dismiss on statute of limitations and noting, "In the instant case, it appears that judicial economy will be better served by adjudicating Petitioner's claims on the merits.").

Respondent's request to withdraw its motion to dismiss is granted. We will require briefing on the merits and issue a new briefing schedule. Respondent need not brief the timeliness of the petition absent court order.[1]

## II.  Petitioner's Motion for Counsel

Petitioner moves for appointment of counsel. ECF No. 2. He states that he has difficulties litigating this case because he has only a twelfth-grade education and this case presents complex issues. *See id.* at 3. Without the pertinent record from state court, we will not prematurely assess the complexity of this case. Petitioner may renew his motion for counsel after respondent files the pertinent record from state court. If we decide to appoint counsel, we may require a new round of briefing on the merits, allowing petitioner to litigate with the assistance of counsel. For now, petitioner's motion for counsel is denied without prejudice.

## III.  Petitioner's Motion for Default Judgment

Petitioner moves for default judgment, arguing that respondent has failed to file a timely response to the petition. ECF No. 16. Because the court granted an extension of time for the parties, ECF No. 12, respondent's motion to dismiss is timely. In any event, we doubt that the court should grant the extraordinary relief of releasing petitioner from prison based on an

---

[1] We have some doubt whether petitioner has severe mental impairments. The state trial court in petitioner's criminal proceeding found that he was feigning or exaggerating mental illness, and at least one doctor made reference to a history of manipulation by petitioner. *See People v. Fields*, No. F066617, 2014 WL 4929494, at *2-4 (Cal. Ct. App. Oct. 2, 2014); *People v. Fields*, No. F071381, 2016 WL 4398067, at *2-4 (Cal. Ct. App. Aug. 18, 2016). Whatever the case, we need not decide whether petitioner suffers from severe mental impairments because respondent has asked to withdraw the motion to dismiss.

2

untimely submission from respondent.  Petitioner's motion for default judgment is denied.

**IV.    Order**

 1. Petitioner's motion for counsel, ECF No. 2, is denied without prejudice.

 2. Petitioner's motion for default judgment, ECF No. 16, is denied.

 3. Respondent's request to withdraw its motion to dismiss, ECF No. 25, is granted.

  a. Respondent's motion to dismiss, ECF No. 17, is denied without prejudice.

  b. Respondent may renew its motion to dismiss later in the case.

  c. Respondent need not brief the timeliness of the petition absent court order.

 4. Within sixty days of the date of service of this order, respondent must file an answer to the petition.

 5. Within sixty days of the date of service of this order, respondent must file all transcripts and other documents necessary for resolving the issues presented in the petition.  *See* Rules Governing Section 2254 Cases, Rule 5(c).

 6. Petitioner may file a traverse within thirty days of the date of service of respondent's answer.  If no traverse is filed within thirty days, the petition and answer are deemed submitted.

IT IS SO ORDERED.

Dated:    May 15, 2019              _____

                UNITED STATES MAGISTRATE JUDGE

No. 202

3