UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | Case No. 1:18-cv-01545-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 33<br><br>ORDER DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL, FOR AN EVIDENTIARY HEARING, TO COMPEL DISCOVERY, FOR RELEASE.<br><br>ECF No. 34, 38, 39, 40 |

Petitioner Carlton Dwayne Fields, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner moves this court (1) for an extension of time to file his traverse, (2) for the appointment of counsel, (3) for an evidentiary hearing, (4) to compel discovery, and (5) for his release on his own recognizance or on bail. ECF No. 33, 34, 38, 39, 40. We grant petitioner's motion for an extension of time and deny all other motions.

**Extension of Time**

On July 22, 2019, petitioner moved for a 60-day extension of time for his traverse, alleging difficulties in obtaining paper and legal research materials. ECF No. 33 at 1. For good cause shown, we this motion.

1

**Appointment of Counsel**

Petitioner moves this court for the appointment of counsel, stating that he is indigent, lacks education, and lacks access to legal research materials. ECF No. 34. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C. §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations is present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, we find that counsel is not necessary at this time to guard against a due process violation and that the interests of justice do not require appointment of counsel.

**Evidentiary Hearing**

Petitioner moves this court for an evidentiary hearing. ECF No. 38. A state prisoner seeking an evidentiary hearing must show that he "was not at fault in failing to develop that

evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Under Section 2254(e)(2), the court shall not hold an evidentiary hearing unless the petitioner shows that "(A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A-B).

Petitioner seeks an evidentiary hearing to determine whether his counsel acted ineffectively. ECF No. 38 at 3. Petitioner claims that his right to counsel was violated when his trial counsel failed to challenge the prosecution's introduction of certain affidavits. *Id*. at 7. Petitioner also claims that his right to counsel was violated when his counsel failed to call expert witnesses on mental health at sentencing. *Id*. at 10. Additionally, petitioner requests an evidentiary hearing to determine whether he is eligible for equitable tolling. *Id*. at 9.

The issues raised by petitioner do not warrant such a hearing. First, when a habeas petitioner claims ineffective assistance of counsel as a ground for an evidentiary hearing, "[a]ttorney negligence . . . is chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied." *See Holland*, 542 U.S. at 653; *see Williams v. Taylor*, 529 U.S. 420, 439-40 (2000). Therefore, to obtain discovery, petitioner must show either that a relevant new rule of constitutional law applies to his case or that facts exist that could not have been discovered through due diligence. He has alleged neither.

Second, timeliness is no longer at issue in this matter, and so a factual hearing based on timeliness is unneeded. Although respondent initially moved for dismissal on timeliness grounds, ECF No. 17, respondent later withdrew the motion and asked us to reach the merits, ECF No. 25. We ordered briefing on the merits, providing that respondent need not address timeliness absent a court order. ECF No. 26 at 2. In the answer, respondent asked this court to proceed first to the merits of the petition due to the potentially complex nature of the timeliness issue. ECF No. 29 at

6. We may decide a petition's merits before resolving any procedural issue and intend to do so in this case. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); *McCoy v. Soto*, No. 15-cv-1578, 2017 WL 2644837, at *3 (E.D. Cal. June 20, 2017). Therefore, an evidentiary hearing on equitable tolling—a timeliness issue—is unneeded.

**Motion to Compel Discovery**

Petitioner moves to compel discovery. ECF No. 39. A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may authorize discovery in a habeas proceeding for good cause. *See id.* at 904-05. Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010). However, "bald assertions and conclusory allegations" do not "provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (citing *Wacht v. Cardwell*, 604 F.2d 1245, 1246 n.2 (9th Cir. 1979)).

Here, petitioner seeks affidavits, documents, and interrogatory answers from expert medical witnesses, petitioner's trial counsel, and the arresting police officer. ECF No. 39. These requests seek unnecessary information. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3); *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas relief does not lie for errors of state law"). Petitioner has not made specific allegations that, if the facts he seeks through discovery were fully developed, would demonstrate that he is entitled to federal habeas relief. He thus has not shown good cause for discovery, and we decline at this time to impose the burden of discovery on the state. We deny petitioner's motion.

**Motion for Release**

Finally, petitioner moves for release on his own recognizance or on bail while his petition is pending. ECF No. 40. Petitioner states that his release would allow him to conduct discovery

more effectively. *Id*. at 2. The Ninth Circuit has not yet determined whether district courts have the authority to release petitioners on bail while their habeas petitions are pending. *See Roe v. United States Dist. Court (In re Roe)*, 257 F.3d 1077 (9th Cir. 2001). Even assuming that district courts have this power, however, release on bail or personal recognizance while a habeas petition is pending should be "reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989). To achieve release, "a petitioner must demonstrate some circumstance that makes him exceptional and especially deserving of such special treatment in the interests of justice." *Roberson v. Copenhaven*, No. 1:12-cv-01074-JLT2013, 2013 U.S. Dist. LEXIS 169449, at *4 (E.D. Cal. Nov. 25, 2013); *see Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Benson v. California*, 328 F.2d 159, 162 (9th Cir. 1964). Petitioner has failed to identify any extraordinary circumstances warranting his release. Petitioner's only stated reason for seeking immediate release—that he be able to conduct discovery—is rendered moot by the instant order. Therefore, we deny petitioner's motion.

**Order**

Accordingly,

1. Petitioner's motion for extension of time is granted. ECF No. 33.
2. Petitioner's motion to appoint counsel is denied. ECF No. 34.
3. Petitioner's motion for an evidentiary hearing is denied. ECF No. 38.
4. Petitioner's motion to compel discovery is denied. ECF No. 39.
5. Petitioner's motion for release is denied. ECF No. 40.

IT IS SO ORDERED.

Dated:    February 6, 2020                    _____
                                              UNITED STATES MAGISTRATE JUDGE

No. 206.

5