1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARLTON DWAYNE FIELDS,                    No.  1:18-cv-01545-DAD-JDP (HC)

12                Petitioner,

13         v.                                  ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS, DENYING
14   CALIFORNIA DEPARTMENT OF                  HABEAS PETITION, AND DECLINING TO
     CORRECTIONS,                              ISSUE CERTIFICATE OF APPEALABILITY
15
                  Respondent.                  (Doc. No. 43)
16

17

18         Petitioner Carlton Dwayne Fields is a state prisoner proceeding *pro se* and *in forma*

19   *pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was

20   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

21   302.

22         On June 5, 2020, the assigned magistrate judge issued findings and recommendations

23   recommending that the pending petition for federal habeas relief be denied on the merits.  (Doc.

24   No. 43.)  Specifically, the magistrate judge found that the first two grounds for federal habeas

25   relief asserted in petitioner's pending petition—(1) that his trial counsel was ineffective because

26   he failed to develop and present a drug-induced psychosis theory of defense; and (2) that his trial

27   counsel coerced him into pleading no contest—both fail on the merits because the state court's

28   decision "was not contrary to or an unreasonable application of clearly established United States

1

1    Supreme Court authority, or based on an unreasonable determination of the facts." (*Id.* at 12–16.)

2    The magistrate judge also found that petitioner's third and final claim—that the trial court abused

3    its discretion at sentencing by refusing to strike petitioners prior felony conviction for sentencing

4    purposes and by failing to consider mitigating factors, such as his mental health—is not

5    cognizable in these federal habeas proceedings because the state court's decision rested solely on

6    its interpretation of state sentencing laws. (*Id.* at 16–17) (citing *Estelle v. McGuire*, 502 U.S. 62,

7    71-72 (1991) ("Federal habeas relief does not lie for errors of state law.")).  Those pending

8    findings and recommendations were served on all parties and contained notice that any objections

9    thereto were to be filed within thirty (30) days from the date of service. (*Id.* at 18.)  After seeking

10   and receiving an extension of time to do so, petitioner timely filed objections to the pending

11   findings and recommendations on August 26, 2020.  (Doc. No. 46.)

12       In his objections, petitioner does not meaningfully dispute the magistrate judge's finding

13   that the first two grounds for federal habeas relief he asserts fail on the merits and the third

14   ground fails to state a cognizable claim for federal habeas relief.  Instead, petitioner restates

15   several paragraphs (some verbatim) from the factual background section of the pending findings

16   and recommendations and contends that certain underlying facts as found by the state court are

17   not true. (*Id.* at 7–15.)  In particular, petitioner maintains that he was not feigning psychotic

18   symptoms and that the state court relied upon psychological evaluations that erroneously

19   diagnosed him as a malingerer. (*Id.*)  Petitioner further contends that his trial counsel failed to

20   cross examine the several doctors who were appointed by the state court to evaluate his mental

21   competence to stand trial and provided those psychological evaluations to the state court. (*Id.*)

22   Petitioner's arguments, however, have already been fully addressed by the magistrate judge in the

23   pending findings and recommendations. (*See* Doc. No. 43 at 11–16.)  In his objections, petitioner

24   does not address the analysis set forth in those findings and recommendations.  Thus, petitioner's

25   objections provide no basis upon which to reject the pending findings and recommendations.

26       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

27   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

28   including petitioner's objections, the court finds the findings and recommendations to be

2

supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Petitioner has not made such a showing.  Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 5, 2020 (Doc. No. 43) are adopted in full;

2. This petition for writ of habeas corpus (Doc. No. 1) is denied;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 23, 2020**

UNITED STATES DISTRICT JUDGE

3